**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YONGGANG YAO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-73230<br><br>Agency No. A097-883-801<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2014[**]
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

Yonggang Yao petitions for review of the Board of Immigration Appeals'

("BIA") dismissal of the appeal of his claims for asylum and withholding of

removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition

for review.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

"We review adverse credibility determinations for substantial evidence and reverse only if the evidence compels a contrary conclusion." *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006). Under this pre-REAL ID Act standard of review, the Immigration Judge ("IJ") or BIA "must identify specific, cogent reasons for an adverse credibility finding" and the reasons must "strike at the heart of the claim." *Id.* (internal quotation marks and citation omitted).

Substantial evidence supports the adverse credibility determination in Yao's case. There were significant discrepancies in the evidence regarding the length of Yao's detention, where he was detained at night, and the chain of events that occurred when he arrived at the police station. These discrepancies go to the heart of Yao's claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001) (holding that discrepancies regarding "the events leading up to [petitioner's] departure" and "the number of times he was arrested" went to the heart of his claim.).

Yao's declaration states that he was detained for fifteen days, but at his merits hearing he testified that he had only been detained for one night. Given an opportunity to explain this discrepancy, Yao initially said "[p]erhaps I had a wrong memory." He later stated that he had mixed up a separate one-night detention resulting from a street quarrel with the fifteen-day detention resulting from the

2

protest. Even if these explanations were deemed plausible, they do not compel a conclusion contrary to the one reached by the IJ and BIA. *Singh*, 439 F.3d at 1105. Yao argues that either the IJ or his previous attorney should have probed into the source of the confusion, but it was Yao's burden to prove that he is eligible for asylum. 8 C.F.R. § 208.13(a).

Yao did not adequately explain why he said, variously, that he was: (1) handcuffed to a "post in [a] corridor" overnight; (2) handcuffed to a pillar overnight in a room with no people; and (3) handcuffed in a "yard" for several hours and then placed in a room with other people overnight.

Yao also failed to explain the discrepancy between his testimony that he was beaten "as soon as [he] entered the police station," and his account that he was handcuffed to a post for several hours before he was moved to a room and questioned. Yao repeats the argument that no one probed this discrepancy at his merits hearing, but again, it was his burden to establish eligibility for asylum. 8 C.F.R. § 208.13(a). The evidence does not compel reversal of the adverse credibility finding.

Because substantial evidence supports the adverse credibility determination, we need not address whether substantial evidence supports the IJ's and BIA's

3

alternate determinations that Yao failed to establish that his detention and mistreatment were on account of a political opinion.

**PETITION DENIED.**

4